UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

OTIS WARE,
    Plaintiff,

vs.                                                            Case No.: 3:22cv23463/MCR/ZCB

NORTH FLORIDA REGIONAL
MEDICAL CENTER INC,
    Defendant.
_____/

## **REPORT AND RECOMMENDATION**

Plaintiff, proceeding *pro se* and *in forma pauperis*, commenced this case by filing a civil rights complaint under 42 U.S.C. § 1983. (Docs. 1, 5). As required for *in forma pauperis* complaints, the Court screened the pleading under 28 U.S.C. § 1915(e)(2)(B) and determined it failed to state a claim for relief under § 1983. (Doc. 6). The Court granted Plaintiff an opportunity to correct this pleading deficiency by filing an amended complaint. (*Id.*); *see generally Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005) (stating that "[o]rdinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint"). Plaintiff has since submitted an Amended Complaint (Doc. 10) that also fails to state a claim for relief. Accordingly, the undersigned respectfully recommends dismissal of Plaintiff's action.

1

### I. Background

Plaintiff's Amended Complaint names the following Defendants: North Florida Regional Medical Center Inc. ("Defendant Hospital"); Dr. George H. Cockey, the "Hospitalist"; the "Hospital Staff (Nursing Department)"; and the "Hospital Staff (Administrative & Security)."  (Doc. 10 at 2-3).  In summary, Plaintiff's § 1983 claim alleges that Defendants violated his civil rights by discriminating against Plaintiff "based on the color of his skin (his race)."  (*Id.* at 3, 5).

As best the Court can tell from the Amended Complaint, Plaintiff was "readmitted" to Defendant Hospital on July 16, 2017, for "post-surgical induced lower back pain acute/chronic, with multiple inflammatory masses at lower (sic) back."  (*Id.* at 7).  The following morning, the attending "chief surgeon" allegedly instructed Plaintiff to undergo physical therapy, and Plaintiff was seen by Defendant "Hospitalist George H. Cockey, M.D."  (*Id.* at 8).  Plaintiff claims Defendant Dr. Cockey entered Plaintiff's hospital room and "gruffly" told Plaintiff to "[s]tand up" without first conducting the neurological and physical examinations that Plaintiff believed were necessary.  (*Id.*).  Plaintiff stood up.  (*Id.*).

It appears Plaintiff was subsequently discharged, and Plaintiff was removed from the hospital by Defendant Hospital's security personnel.  (*Id.*).  Plaintiff alleges

Defendant Dr. Cockey authorized the security removal and discharged Plaintiff because Plaintiff could stand up. (*Id.*). Defendant Dr. Cockey allegedly stated that Plaintiff's complaints were likely due to Plaintiff's "psychiatric disorder," although Plaintiff highlights that he "was not admitted to Defendant[ Hospital']s care with any known psychiatric disorders." (*Id.*). Plaintiff alleges that security's removal of him amounted to "malice abandonment, and maltreatment in a conspiratorial fashion," as well as the crimes of aggravated and simple assault. (*Id.*).

In his Amended Complaint, Plaintiff claims the Defendant Hospital was acting under color of state law at the time of the alleged events because it receives federal funding "and has Federal Public Health Services (PHS) deemed status." (*Id.* at 7). Plaintiff continues, "[a]lthough the Division of Corporations search yielded that the hospital is a privately-owned corporation. It (sic) has since been purchased by HCA Florida Healthcare who has received Federal funding as well as funding from the (CARES) Act." (*Id.*). Plaintiff's Amended Complaint also includes a discussion of the history surrounding the creation and evolution of the Civil Rights Act of 1964. (*Id.*).

Plaintiff seeks $14,670,900.00 and an unspecified amount of "Actual Damages" for the "grave emotional[ and] psychological harm" Plaintiff allegedly suffered. (*Id.* at 9-10).

3

## II. Discussion

**A. Plaintiff has failed to state a claim for relief under § 1983 because Defendants did not act under color of state law.**

Plaintiff's Amended Complaint fails to state a claim under 42 U.S.C. § 1983 because Defendant Hospital, and its staff,[1] were not acting under color of state law when the alleged incident occurred. Section 1983 provides "individuals with a private cause of action when constitutional deprivations occur under color of state law." *Faucher v. Rodziewicz*, 891 F.2d 864, 868 (11th Cir. 1990). "The statutory 'under color of law' requirement is equivalent, although not identical, to the constitutional doctrine of state action." *Cobb v. Georgia Power Co.*, 757 F.2d 1248, 1250 (11th Cir. 1985). For a private party to act under color of state law, there must be a close nexus between the state's involvement and the deprivation complained of. State action does not exist when a state provides a forum to a private entity (*Hill v. McClellan*, 490 F.2d 859, 860 (5th Cir. 1974)), heavily regulates an industry in which the private party participates (*Fulton v. Hecht*, 545 F.2d 540, 543 (5th Cir. 1977)), or merely provides government funding to a private party. *Shell v. Foulkes*, 362 F. App'x 23, 27 (11th Cir. 2010) ("State action is not established merely because

---

[1] The Court's analysis of Defendant Hospital as a private party applies equally to the various departments of Defendant Hospital that Plaintiff has named as separate Defendants (i.e., "Nursing Department").

4

a private entity receives government funding."); *see also Lee v. Slaughter*, No. 3:20-cv-5816, 2020 WL 6566972, at *3 (N.D. Fla. Sept. 21, 2020) (holding that a non-profit corporation was a private entity and did not become a state actor simply because it received government funding). The private party must be so "allied with the state as to characterize that party as a 'state actor.'" *Cobb*, 757 F.2d at 1250 (internal quotations omitted). "Only in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes." *Laster v. Careconnect Health Inc.*, 852 F. App'x 476, 478 (11th Cir. 2021) (internal quotations omitted).

Privately-owned hospitals are generally private parties, not state actors, for purposes of a § 1983 claim. *See Mehmood v. Guerra*, 783 F. App'x 938, 941 (11th Cir. 2019) (affirming the dismissal of a *pro se* civil rights complaint because the defendant "hospital and its employees [we]re private parties not subject to suit under § 1983"); *see also Mahone v. Midtown Med. Ctr.*, No. 17-14836-C, 2018 WL 5786120, at *1 (11th Cir. July 27, 2018) (denying a *pro se* plaintiff's appeal of the dismissal of his § 1983 claims against a hospital because the hospital was a private party, not a state actor); *Phillips v. Deal*, No. 5:15-CV-249, 2016 WL 3844210, at *4 (M.D. Ga. July 15, 2016) (dismissing a *pro se* § 1983 complaint because the defendant hospital was a private party and there was "no indication the State in any way encouraged that the [p]laintiff be discharged from [the defendant] Hospital").

5

Here, it is undisputed that Defendant Hospital is a privately-owned corporation.[2] Thus, Defendant Hospital and its employees are not state actors under § 1983. *See Mehmood*, 783 F. App'x at 941. Plaintiff attempts to avoid that conclusion by alleging that Defendant Hospital should be considered a state actor because it receives "federal funds." (Doc. 10 at 7). But that is incorrect. Receiving government funds is insufficient to transform a private party into a state actor. *See Shell*, 362 F. App'x at 27 ("State action is not established merely because a private entity receives government funding."); *see also Wheat v. Mass*, 994 F.2d 273, 275-76 (5th Cir. 1993) (holding that private hospital's receipt of federal funding did not render it a state actor for purposes of § 1983).

Moreover, Plaintiff names one individual as a Defendant in his case, Defendant Dr. Cockey. This individual is a private citizen. Plaintiff has provided no indication that Dr. Cockey is in any way so intertwined with the State of Florida

---

[2] *Division of Corporations: Search Records,* Fla. Dep't of State (last visited Dec. 16, 2022), https://search.sunbiz.org/Inquiry/CorporationSearch/SearchResultDetail?inquirytype=EntityName&directionType=Initial&searchNameOrder=NORTHFLORIDAREGIONALMEDICALCEN%20P940000631940&aggregateId=dompp94000063194-c3c59913-bc64-4153-ba33-e8dc5ef3cb20&searchTerm=North%20Florida%20Regional%20Medical%20Center%2C%20Inc.&listNameOrder=NORTHFLORIDAREGIONALMEDICALCEN%20L940000004740.

so as to make him subject to suit under § 1983.  *See Kelly v. Broward Sheriff's Office Dep't of Detention's*, 560 F. App'x 818, 821 (11th Cir. 2014) (holding that, absent some exception indicating "collu[sion] with state actors to such an extent that [the party's] action becomes state action," private citizens are generally not state actors for purposes of § 1983).

Because Plaintiff has not named a state actor as a defendant, he has failed to state a plausible claim for relief under § 1983.  Dismissal is, therefore, appropriate.

**B. To the extent Plaintiff seeks to assert a Title VI claim, his allegations are barred by the statute of limitations.**

While Plaintiff prepared his Amended Complaint on a § 1983 complaint form and it appears he is advancing a claim for relief under § 1983, his Amended Complaint makes mention of Title VI of the Civil Rights Act of 1964.  (Doc. 10 at 7).  To the extent Plaintiff's Amended Complaint—when liberally construed—could be read as asserting a Title VI claim, it fails to state a claim for relief because such a claim would be barred by the statute of limitations.

Title VI of the Civil Rights Act of 1964 ("Title VI"), prohibits any program that receives "Federal financial assistance" from discriminating against persons "on the ground of race, color, or national origin."  42 U.S.C. § 2000d.  In the Eleventh Circuit, the forum state's personal injury statute of limitations period applies to Title

7

VI claims. *Rozar v. Mullis*, 85 F.3d 556, 561 (11th Cir. 1996). Thus, to determine the statute of limitations for a Title VI claim, this Court looks to Florida law. Florida's statute of limitations for personal injury actions is four years. Fla. Stat. § 95.11(3)(p); *see Smith v. Capital City Country Club*, No. 4:06cv175, 2007 WL 9734892, at *4 (N.D. Fla. Feb. 22, 2007) (applying Florida's four year statute of limitations for personal injury actions to a claim brought under Title VI). So, a plaintiff seeking to bring a Title VI claim in a Florida federal court must bring the claim within four years.

Here, Plaintiff alleges that Defendant Hospital receives federal funding. (Doc. 10 at 7). Plaintiff also claims that he was discriminated against "based on the color of his skin (his race)." (*Id.* at 5). Plaintiff describes himself as an "African American male." (*Id.* at 9). To the extent Plaintiff seeks to assert a Title VI claim based on alleged racial discrimination, Plaintiff had four years from the date of alleged discrimination to file the action. *See* Fla. Stat. § 95.11(3)(p); *Joseph v. State Mut. Life Ins. Co.*, 196 F. App'x 760, 761 (11th Cir. 2006) (internal citations omitted) (stating that the statute of limitations begins to run "from the date the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights").

Plaintiff's statement of facts describes events that took place between July 16, 2017, and July 20, 2017.  (Doc. 10 at 8).  That means Plaintiff had until July 20, 2021, to file a Title VI claim within the statute of limitations period.  Plaintiff filed this action on November 18, 2022 (Doc. 1), well over one year after the statute of limitations period expired.  The Amended Complaint provides no basis for believing that any events occurred that would have tolled the statute of limitations.  Therefore, to the extent Plaintiff seeks to assert a Title VI claim in the Amended Complaint, the four-year statute of limitations clearly expired for such a claim before Plaintiff filed this lawsuit.  Dismissal is, therefore, warranted because the Amended Complaint fails to state a plausible claim for relief under Title VI.[3]

Accordingly, it is respectfully **RECOMMENDED t**hat Plaintiff's action be **DISMISSED** without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

At Pensacola, Florida this 28th day of February 2023.

/s/ *Zachary C. Bolitho*

---

[3] The Eleventh Circuit has held that a district court may dismiss a *pro se* complaint filed *in forma pauperis* "as time-barred prior to service" if it "appear[s] beyond a doubt from the complaint itself that the [plaintiff] can prove no set of facts which would avoid a statute of limitations bar." *Joseph*, 196 F. App'x at 761; *see also Lee v. Eleventh Judicial Cir. of Fla.*, 699 F. App'x 897, 898 (11th Cir. 2017) (affirming dismissal at the screening stage of a § 1983 case that was clearly brought beyond the applicable statute of limitations period).

Zachary C. Bolitho<br>
United States Magistrate Judge

## **NOTICE TO THE PARTIES**

**Objections to the proposed findings and recommendations set forth above must be filed within fourteen days of the date of this Report and Recommendation.  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**